# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-WC-00158-COA

**FLORINE WILSON**                                                                **APPELLANT**

**v.**

**P.L. MARKETING, INC. AND FARMINGTON**                        **APPELLEES**
**CASUALTY COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/2025 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | FLORINE WILSON (PRO SE) |
| ATTORNEY FOR APPELLEES: | MILDRED LENA SABBATINI |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 01/27/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    Florine Wilson worked for P.L. Marketing Inc. in Bolivar County. She claimed that she hurt her back while lifting a crate filled with canned food. The company denied it was required to provide workers' compensation coverage. Through counsel, Wilson filed a petition to controvert and alleged she had suffered a covered injury.

¶2.    But Wilson had also begun to allege that she suffered a stroke as a result of the back injury. Via agreed order, both the claimant and her employer agreed that her treating physician should submit a report. The report was to answer several questions, such as whether she suffered an injury at work; what harm, if anything, was caused by that injury; and last, "Did Ms. Wilson suffer a CVA [cerebrovascular accident], or stroke? If yes, is it

possible to state when the CVA, or stroke, occurred?" The treating physician was also to address if any stroke was related to the injury and to give her basis of restrictions for work, if any. A subsequent agreed order directed a similar series of questions to another treating physician.

¶3. Afterward, Wilson's counsel withdrew from the case. She was given 30 days after the withdrawal to retain new counsel. New counsel was obtained, and the administrative judge set a "final merit hearing" for Oxford.

¶4. However, Wilson did not appear at this hearing on the merits. Her counsel was present and represented he had informed her of the hearing, but that she was not responding to his calls or texts that day. Prior to the hearing on the merits, he had informed "her that should she not show up for the hearing, the claim will be dismissed." Nonetheless, counsel for Wilson told the administrative judge that Wilson "indicated she would not come" to the hearing, despite his entreaties for her to be present, but "for whatever reason," she simply "decided not to show up."

¶5. The administrative judge had Wilson's name called in the hallway, but she did not appear. Her counsel argued to the administrative judge that the case should be continued, but the AJ ultimately declined.

¶6. The Rules of the Workers' Compensation Commission provide:

> If a party fails to appear at a scheduled hearing, the Administrative Judge on the Administrative Judge's motion, or the motion of a party, may dismiss the claim or award compensation upon presentation of proper proof. If a justifiable reason for the party's absence is presented within fourteen (14) days after the date of the order dismissing or awarding compensation the Commission or Administrative Judge may grant a motion to reopen or set aside the order of

2

dismissal.

Miss. Workers' Comp. Comm'n Proc. R. 2.7. Via order on March 6, 2023, the administrative judge dismissed Wilson's case. "Pursuant to Miss. Work. Comp. Comm. Rule 2.7, this Administrative Judge finds that dismissal of this claim is warranted due to Claimant's failure to appear at a duly noticed merit hearing, and for Claimant's failure to prosecute her claim."

¶7. Wilson did not invoke the safe harbor in the second half of the Rule to provide a "justifiable reason" why she did not attend the hearing on the merits, and she did not appeal.

¶8. Over a year later, the Commission received a two-page typed letter with the words "Motion to Reopen" written across the top. Postmarked July 17, 2024, the motion was received by the Commission and filed on July 23, 2024. Wilson signed the letter on both pages and seemed to argue that her case should be considered again since she has "followed up every step of the way concerning my work-related injuries[.]" Her former employer opposed reopening the case, arguing that she waited "more than sixteen (16) months after the Order of dismissal was entered," so she should not be able to proceed. Her counsel filed a motion to withdraw, which was granted. Therefore, she was proceeding pro se.

¶9. The administrative judge who reviewed the motion agreed with the employer. The AJ concluded that since the "case had been dismissed for more than a year prior" to Wilson's July motion, the Commission "no longer has jurisdiction of this matter[.]" The full Commission affirmed the order. Wilson appealed, and the case was assigned to this Court for review.

¶10. On appeal, Wilson briefly argues that we should review her case because she "did not receive the notification about the second hearing/dismissal[.]" She provides no further argument on this point. The employer objects, arguing her attempt to reopen is simply too late.

¶11. Pursuant to State law, a claimant has one year to seek review before the Commission "at any time prior to one (1) year after the rejection of a claim[.]" Miss. Code Ann. § 71-3-53 (Rev. 2021). "This Court has held on several occasions that an AJ's dismissal order constitutes 'the rejection of a claim' where a claimant has failed to meet a procedural deadline[.]" *Darty v. Gulfport-Biloxi Reg'l Airport Auth.*, 345 So. 3d 1214, 1217 (¶15) (Miss. Ct. App. 2022). Such a "decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed." Miss. Code Ann. § 71-3-47 (Rev. 2021).

¶12. In *Darty*, we reckoned that when a dismissal order became final, "this constituted a 'rejection of a claim,' and the one-year limitations period pursuant to section 71-3-53 was triggered." *Id*. at 1217 (¶17). We therefore "affirm[ed] the Commission's order affirming the AJ's . . . order denying Darty's motion to reinstate his claim because his claim was time-barred under section 71-3-53, and the Commission no longer had jurisdiction over it." *Id*. at 1219 (¶23).

¶13. Just as in that case, Wilson did not take action after the dismissal of her claim for failure to appear at the scheduled hearing on the merits. As set out above, Rule 2.7 warns litigants that their claim may be dismissed "[i]f a party fails to appear at a scheduled

4

hearing[.]" Miss. Workers' Comp. Comm'n Proc. R. 2.7. Wilson's case was dismissed on March 6, 2023. Per State law, the ruling became final 20 days later, on March 26, 2023. She then had one year from that date to seek to reopen the case. However, she did not file a motion to reopen with the Commission until July 23, 2024.

¶14. As in *Darty*, we conclude that the Commission's order affirming the order denying the motion to reopen was correct, as it was barred by the passage of time.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**